IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES HILL                                                                                           PLAINTIFF

      v.                              Civil No.14-5286

DEPUTY GRAHAM ROBINSON,
Washington County Detention Center (WCDC);
DEPUTY KYLE MORRIS, WCDC;
JENNIFER LAUB, Director, Aramark at the
WCDC                                                                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The Plaintiff appears *pro se* and *in forma pauperis.*

      A Motion to Dismiss and Amended Motion to Dismiss were filed by Defendant Jennifer Laub (Docs. 12 & 14) on March 30, 2015. Defendant Laub contends the case is subject to dismissal under the Prison Litigation Reform Act (PLRA) because the Plaintiff did not exhaust his administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007).

      A Motion to Dismiss was filed by Defendant Deputy Robinson (Doc. 19) on June 30, 2015. Defendant Robinson asked that the case be dismissed for the following reasons: (1) for failure to respond to discovery propounded on April 7, 2015;[1] (2) as a sanction pursuant to Rule 37(d)(3) of the Federal Rules of Civil Procedure because Plaintiff failed to appear for his deposition that was to be held on June 25, 2015;[2] and (3) for failure to comply with Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requiring Plaintiff to keep the Court informed of

---

[1] No motion to compel has been filed by Defendant Robinson.

[2] According to the Motion to Dismiss, the notice of deposition sent to the Plaintiff by certified mail was not picked up and the notice sent by first class mail was returned to Defendant's counsel with the notation "unable to forward, insufficient address, return to sender." Doc. 19 at 1.

his current address.  Alternatively, Defendant Robinson asks that the case be stayed until Plaintiff has provided discovery responses and attended his deposition.

On July 1, 2015, Defendant Laub filed a Motion to Adopt and Join (Doc. 21) in the Motion to Dismiss filed by Deputy Robinson.  Specifically, Defendant Laub seeks to adopt that portion of the Motion to Dismiss which argues the case should be dismissed because the Plaintiff has failed to keep the Court apprised of his current address.  This Motion (Doc. 21) is being granted by separate order.

By Order (Doc. 22) entered on July 28, 2015, Plaintiff was directed to respond to the Motions to Dismiss by no later than August 17, 2015.  Plaintiff has not responded to the Order (Doc. 22).  On August 28, 2015, Deputy Robinson filed a Motion to Dismiss (Doc. 23) asking that the case be dismissed based on Plaintiff's failure to respond to the Court's order.

Plaintiff has not communicated with the Court in anyway.  The Court's Order (Doc. 22) was not returned as undeliverable.

I therefore recommend that the Motion to Dismiss (Doc. 23) be **GRANTED** and this case dismissed based on the Plaintiff's failure to comply with the Court's order and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of September 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)